IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES

V. NO. 3:25-CR-00109-SA-RP

KRISTOPHER BRANDON HOLCOMB

ORDER DENYING MOTION TO APPOINT COUNSEL, DOCUMENT PRODUCTION, AND DISCOVERY

This matter comes before the Court on a single filing by the *pro se* movant in which he seeks various forms of relief. Each request will be addressed separately.

Appointment of Counsel

Movant first seeks appointment of counsel to represent him in his pursuit of relief under 28 U.S.C. § 2255. The Court has previously determined that movant is a pauper through the appointment of counsel to represent him in the underlying criminal proceedings. *See* Doc. # 4. This Court is empowered to appoint counsel for a *habeas corpus* petitioner whenever it "determines that the interests of justice so require . . . ." 18 U.S.C. § 3006A(a)(2)(B). If an evidentiary hearing is to be held, the Court is required to appoint counsel. Rule 8(c), Rules Governing § 2255 Cases. The Court cannot determine at this time whether an evidentiary hearing will be necessary. The petitioner has not alleged the existence of any circumstances which would, in the opinion of the court, require appointment of counsel at this time in the interests of justice. Thus, Movant's request for appointment of counsel will be denied.

Transcripts and Record Production

Movant next seeks production of various transcripts from the underlying proceedings and what he refers to as "core record materials" including the indictment, plea agreement, plea supplement, judgment, PSR, to just name a few. Because since August 16, 2019, the Clerk's Office in the Northern District of Mississippi no longer provides copies of court documents which are

available through PACER (Public Access to Court Electronic Records), Movant's request will be denied.

Discovery

Lastly, Movant seeks limited discovery under Rule 6 of the Rules Governing § 2255 Proceedings. In § 2255 proceedings, discovery is not automatic nor an entitlement, rather discovery may be authorized only for good cause. *See United States v. Fields*, 761 F.3d 443, 478 (5th Cir. 2014). A movant "demonstrates 'good cause' under Rule 6(a) 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Id.* (ellipsis in original) (quoting *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)). Movant has sought a litany of information with little to no substantive argument in support of the information requested. It is well-established that Rule 6 "does not authorize fishing expeditions" like the one sought here. *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994). As such, the Court finds that Movant has failed to demonstrate the good cause necessary to warrant the compulsion of discovery at this time.

Conclusion

Based on the foregoing discussion, the Court finds that Movant's requests for appointment of counsel, production of court records, and discovery are not well-taken. Accordingly, the instant motion [40] will be DENIED.

SO ORDERED, this the 17th day of August, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE